# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania, :
State Athletic Commission, :
               Petitioner :
            :
        v. : No. 398 M.D. 2016
        : Submitted: April 13, 2017
Jon P. Trosky, DBA Sanctuary :
Wrestling, :
           Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: July 20, 2017

Presently before this Court are the preliminary objections of Jon P. Trosky, *pro se*, to the State Athletic Commission's (Commission) complaint in equity seeking to enjoin Trosky from promoting professional wrestling events without a promoter's license.[1] For the reasons that follow, we overrule Trosky's preliminary objections.

The Commission is a state agency that regulates athletic events, including amateur and professional wrestling. *See* 5 Pa. C.S. §103.[2] Trosky is the

---

[1] On August 31, 2016, Trosky filed a document that recited preliminary objections, an answer to the Commission's preliminary injunction application, and a response to the Commission's complaint in equity. We treated Trosky's filing as presenting preliminary objections to the Commission's complaint and an answer to the Commission's injunction request. It was not accepted as an answer to the Commission's underlying complaint in equity.

[2] The Commission is charged with the duty of "promulgat[ing] rules and regulations regarding professional and amateur wrestling contests…." 5 Pa. C.S. §103(b)(3).

owner and operator of the respondent designated "Sanctuary Wrestling," which is located in a former church in Hazleton. In 2016, the Commission began an investigation into the activities at the Sanctuary in order to determine if Trosky was promoting wrestling exhibitions without a promoter's license in violation of Section 2101(a) of the Wrestling Act, 5 Pa. C.S. §2101(a).[3]

On April 29, 2016, the Commission sent its inspector to attend an event at the Sanctuary, which he photographed. *See* Complaint, Exhibit A. While at the event, the inspector observed "a wrestling ring, a ring announcer, a referee, an elevated walk out area that lead to the ring, a projector, a fog machine, spotlights, cameras, and a modest crowd surrounding the ring." *Id.*, ¶11. The inspector determined the event was a professional wrestling exhibition and considered it the "best produced and most professional event" he had attended at his time with the Commission. *Id.*, ¶13.[4]

---

[3] It states, in relevant part:

> (a) Required. – No promoter shall conduct, hold or promote any professional wrestling contest or exhibition unless the promoter has first obtained a promoter's license from the commission.... A promoter's license shall be issued by the commission upon the filing by an applicant of the following:
>> (1) A license fee of $100.
>> (2) A surety bond as required under Section 2102 [5 Pa. C.S. §2102] (relating to promoter's bonding requirements)
>> (3) An application form stating the name, address, phone number, taxpayer identification number and nature of the entity applying for the license.

5 Pa. C.S. §2101(a).

[4] The Wrestling Act defines a "wrestling exhibition" as

> an engagement in which the participants display their skills in a struggle against each other in the ring, with or without the use of accessories, without necessarily striving to win, provided that contests prohibited by law shall not be considered exhibitions.

**(Footnote continued on the next page . . .)**

Based upon the inspector's observations, on May 6, 2016, the Commission's Executive Director sent a letter to Trosky directing him to cease and desist from holding "any more professional wrestling events at 'The Sanctuary'" because "[Trosky did] not have a promoter's license." Complaint, Exhibit B. On that same day, the Commission's Executive Director, the Commission's prosecutor, and Trosky held a conference call but were unable to reach a resolution.

Shortly thereafter, the Commission learned that an event was scheduled at the Sanctuary on May 27, 2016. Complaint, ¶22. The event was advertised as a teaching seminar hosted by "Brutal Bob Evans," a member of a professional wrestling organization, for a fee of $20. *Id.*, ¶23. It was also advertised that a free public exhibition would be held immediately following the seminar. Two investigators from the Department of State attended the free public event and took photographs. *See id.*, Exhibit C.

On July 13, 2016, the Commission filed this action in this Court's original jurisdiction seeking a permanent injunction to stop professional wrestling events at the Sanctuary until Trosky obtains a promoter's license.[5] The Commission complains that Trosky is holding professional wrestling exhibitions at the Sanctuary in violation of several provisions of the Wrestling Act, 5 Pa. C.S. §§1901-2110.[6] Trosky filed preliminary objections to the complaint, asserting that

---

**(continued . . .)**

5 Pa. C.S. §1902.

[5] The Commonwealth Court has original jurisdiction over all civil actions or proceedings by the Commonwealth government. 42 Pa. C.S. §761(a)(2).

[6] Specifically, the complaint asserts Trosky is in violation of the following sections of the Wrestling Act: Section 2101 (relating to promoter's license requirements), 5 Pa. C.S. §2101; Section 2103 (relating to gross receipt taxes), 5 Pa. C.S. §2103; Section 2104 (relating to

**(Footnote continued on the next page . . .)**

3

the events held at the Sanctuary are not professional wrestling exhibitions, but theatrical stunts and stage performances, which are not regulated by the Wrestling Act.

Along with the complaint, the Commission filed an application for a preliminary injunction. On September 30, 2016, the Court conducted a hearing and denied the Commission's preliminary injunction request. *State Athletic Commission v. Trosky*, (Pa. Cmwlth., No. 398 M.D. 2016, filed January 5, 2017). The Court held that the Commission failed to establish either a clear legal right to relief or that allowing Trosky to continue his activities at the Sanctuary would cause immediate and irreparable harm.

The Commission did not appeal the denial of the preliminary injunction, and on January 23, 2017, the Court ordered the parties to file briefs on Trosky's preliminary objections. The preliminary objections are now ready for disposition.

Trosky has raised five preliminary objections to the Commission's complaint. First, Trosky asserts that his business is called the "Sanctuary Stunt Studio," not "Sanctuary Wrestling" as averred by the Commission, and contends that the Commission cannot use semantics to assert jurisdiction over the activities in the facility. Second, Trosky contends that the Commission, as a self-funded agency, can exist only by exploiting the Wrestling Act to generate revenue, thereby creating a conflict of interest. Third, Trosky contends that the sport of professional wrestling has changed since the Wrestling Act was written in 1992, rendering the

**(continued . . .)**
physician requirements), 5 Pa. C.S. §2104; Section 2105 (relating to ambulance requirements), 5 Pa. C.S. §2105; and Section 2106 (relating to crowd control), 5 Pa. C.S. §2106.

Act obsolete today. Fourth, Trosky contends that the Wrestling Act regulates activities where "participants are engaged in a struggle in the ring;" however, Sanctuary activities do not involve a struggle. Last, Trosky asserts the Sanctuary activities do not take place in a "ring" as that term is contemplated in the Wrestling Act. Thus, Sanctuary activities are not subject to the Commission's regulation.

Preliminary objections are a means to attack the sufficiency of a party's pleading. Pennsylvania Rule of Civil Procedure 1028(a) sets forth permissible grounds for preliminary objections. It states:

> (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:
>
> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint;
>
> (2) failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;
>
> (3) insufficient specificity in a pleading;
>
> (4) legal insufficiency of a pleading (demurrer);
>
> (5) lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action;
>
> (6) pendency of a prior action or agreement for alternative dispute resolution;
>
> (7) failure to exercise or exhaust a statutory remedy; and
>
> (8) full, complete and adequate non-statutory remedy at law.

Pa. R. C. P. No. 1028(a). In ruling on preliminary objections, this court must

accept as true all well-pleaded allegations of material facts as well as all of the inferences reasonably deducible from the facts…. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery, and any doubt must be resolved in favor of the non-moving party….

*Stilp v. Commonwealth of Pennsylvania*, 927 A.2d 707, 709 (Pa. Cmwlth. 2007) (citation omitted).

Trosky's brief does not explain why the facts pled in the Commission's complaint do not state a claim. Instead, he argues the merits of the Commission's request for a permanent injunction, using evidence presented at the preliminary injunction hearing. Likewise, the Commission reargues the merits of the Court's denial of its preliminary injunction request.

For example, Trosky objects to the Commission's characterization of the activities at the Sanctuary as "wrestling." This argument goes to the ultimate issue in the case, *i.e.*, whether the Commission can offer sufficient evidence to prove that the Sanctuary activities are subject to regulation under the Wrestling Act. On the issue of whether there is a "struggle" in a "ring" under the Wrestling Act, both Trosky and the Commission argue from evidence adduced at the preliminary injunction hearing held by this Court on September 30, 2016. However, it is well-settled that

[p]reliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.

*Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008) (quotation omitted).

6

Evidence presented at the preliminary injunction hearing cannot be considered at this stage. At the preliminary objection stage, this Court accepts as true all well-pleaded allegations of material facts and inferences reasonably deducible therefrom. The Commission's complaint alleges that professional wrestling exhibitions are being held at the Sanctuary. The Commission's complaint is sufficient to survive Trosky's preliminary objections.

For these reasons, Trosky's preliminary objections are overruled.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
State Athletic Commission,     :
                 Petitioner     :
                              :
         v.              :   No. 398 M.D. 2016
                              :
Jon P. Trosky, DBA Sanctuary   :
Wrestling,                    :
                 Respondent    :

# **O R D E R**

AND NOW, this 20th day of July, 2017, the preliminary objections of Respondent, Jon P. Trosky, in the above-captioned matter are hereby OVERRULED.  Trosky is directed to file an answer to the State Athletic Commission's complaint in equity in twenty (20) days.

_____
MARY HANNAH LEAVITT, President Judge